IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DILLON L. BRACKEN, | ) | Civ. No. 11-00784 SOM/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING IN PART AND |
| vs. | ) | DENYING IN PART DEFENDANT |
| | ) | KINCHUNG CHUNG'S MOTION TO |
| KYO-YA HOTELS AND | ) | DISMISS PLAINTIFF'S FOURTH |
| RESORTS, LP; KINCHUNG | ) | AMENDED COMPLAINT |
| CHUNG; JOHN DOES 1-9; | ) | |
| DOE ENTITIES 1-5; and | ) | |
| AARON H. OKURA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
KINCHUNG CHUNG'S MOTION TO DISMISS
PLAINTIFF'S FOURTH AMENDED COMPLAINT**

This action arises out of what Plaintiff Dillon Bracken says was an attack on him by security personnel when he tried to enter Rumfire, a Kyo-ya Hotels and Resorts ("Kyo-ya") restaurant in Hawaii, on New Year's Eve in 2009.  Bracken is a California resident alleging that Kyo-ya, its employees, and Honolulu Police Department ("HPD") Officer Kinchung Chung (collectively, "Defendants") violated his constitutional rights and committed multiple torts in response to what they allegedly viewed as his trespass.

Chung seeks dismissal of Bracken's Fourth Amended Complaint.[1]  The court grants Chung's motion in part and denies it in part.

I.      **BACKGROUND.**

On December 31, 2009, Defendant Chung was working at Kyo-ya as a special duty police officer, meaning that, although he was an HPD officer, he "work[ed] with and alongside" Kyo-ya's in-house security guards.  Fourth Am. Compl. ¶ 55, ECF No. 60. Chung was "wearing clothing that identified him as an officer of the Honolulu Police Department."  Id. ¶ 38.

Bracken says he entered the RumFire restaurant "unaware that it was supposedly closed to the public" for a private New Year's Eve celebration.  Id. ¶ 23.  Bracken alleges that, shortly thereafter, Aaron Okura, a private plainclothes Kyo-ya security guard, "abruptly grabbed [him] by his shoulder."  Id. ¶ 24. Thinking that Okura was an intoxicated RumFire patron "trying to pick a fight," Bracken says he "tried to avoid any altercation

---

[1] Although Chung's motion challenges what is called the "Fourth Amended Complaint," that document actually operates as a First Amended Complaint.  A different document bearing the title "First Amended Complaint" was filed after the period for amendments as of right under Rule 15(a) of the Federal Rules of Civil Procedure and without leave of court.  That document was then superseded by a "Second Amended Complaint," which the court dismissed because it had been filed without leave of court. Bracken then moved for leave to file a "Third Amended Complaint," only to withdraw that motion and substitute a motion seeking leave to file the present Fourth Amended Complaint.  That motion was granted.

with him." Id. ¶ 25.  Bracken claims his efforts to get away

from Okura were "thwarted" by Chung.  Id. ¶ 26.  Bracken asserts

that he "repeatedly stated that he was trying to leave the

premises and implored Defendants Okura and Chung to stop

preventing him from leaving," but that Okura and Chung "blocked

[his] egress."  Id. ¶¶ 46, 47.

Bracken alleges that the reason Okura and Chung refused

to let him leave was that Kyo-ya had a "protracted procedure for

warning persons that they would be considered trespassers," which

included detaining alleged trespassers and photographing them.

Id. ¶¶ 28-30.  Kyo-ya's "standard operating procedure" was

allegedly to take and retain the alleged trespasser's identifying

documents until the individual submitted to the procedure.  Id.

¶ 30.

Bracken alleges that, to carry out Kyo-ya's procedure,

Okura, together with "additional security guards employed by

[Kyo-ya], including a person in a supervisory position,

participated in the attack on [Bracken], restrained [his]

freedom, abducted him and injured him."  Id. ¶ 34.

Bracken alleges that Chung "had the opportunity to

intercede," but failed to stop the Kyo-ya security guards from

assaulting him.  Id. ¶ 47.  Instead, Bracken alleges, Chung

"repeatedly demanded . . . [Bracken's] identification even after

Defendant Okura had by force pinned [Bracken's] left arm so that

he could not retrieve any identification." Id. ¶ 44. Bracken complains that "Chung exhibited hostility" toward him, and "engaged in making demands" on him, "all the while ignoring the fact that others were illegally attacking him." Id. ¶ 42. Besides failing to "interfere with the assault" or "take any steps to prevent it," Chung allegedly failed to "confront the perpetrators." Id. ¶ 43.

The day after the incident, Chung filed a written report with HPD about the incident. Id. ¶ 53. Bracken alleges that Chung's report was "false" in that Chung "pretended not to have seen the assault, even though he was right there and actually saw what occurred." Id.

Bracken asserts that he suffered the following injuries from the New Year's Eve incident:

> (a) deprivation of freedom and liberty during the time he was being attacked and pinned on the ground by agents and employees of Defendant Kyo-ya Hotels and Resorts, as well as during the time his movement away from Defendants and their premises was restrained; (b) loss of consciousness; (c) larynx and vocal cord injury, causing pain, and inconvenience; (d) bruising of his wrists; (e) physical pain; (f) temporary inability to speak above a hoarse raspy whisper; (g) emotional distress and depression; (h) interference with the right to be secure in his person[;] (i) deprivation of the right of equal protection of law secured to him by the Fifth and Fourteenth Amendments to the United States Constitution[;] (j) deprivation of the rights and privileges secured to other citizens[;] and (k) incurring medical and allied expenses.

4

<u>Id.</u> ¶ 70.

Bracken's Fourth Amended Complaint asserts eight causes of action. <u>See</u> Fourth Am. Compl. The following five counts pertain to Chung:

> Count 3, "Assault, Battery, Intentional Infliction of Emotional Distress, False Imprisonment and Wrongful Detention," ¶¶ 22-35;

> Count 4, "Deprivation of Civil Rights In Violation of 42 U.S.C. §§ 1983 et. seq.," ¶¶ 36-40;

> Count 5, "Failure to Intercede, Denial of Civil Rights," ¶¶ 41-51;

> Count 6, "Potential Cover-Up Resulting in Denial of Civil Rights," ¶¶ 52-64; and

> Count 8, "Claims Pursuant to 42 U.S.C. §§ 1983 et seq. Actions Under Color of Law . . . Damages," ¶¶ 69-80.

The court grants Chung's motion to dismiss Counts 6 and 8. The court denies Chung's motion to dismiss Counts 3 and 5. Finally, the court grants in part and denies in part Chung's motion to dismiss Count 4.

**II.      STANDARD.**

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. <u>Fed'n of African Am. Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient

to defeat a motion to dismiss.  <u>Sprewell v. Golden State</u>

<u>Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).  Additionally, the

court need not accept as true allegations that contradict matters

properly subject to judicial notice or allegations contradicting

the exhibits attached to the complaint.  <u>Id.</u>  Dismissal under

Rule 12(b)(6) may be based on either: (1) lack of a cognizable

legal theory, or (2) insufficient facts under a cognizable legal

theory.  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699

(9th Cir. 1988) (citing <u>Robertson v. Dean Witter Reynolds, Inc.</u>,

749 F.2d 530, 533–34 (9th Cir. 1984)).

        To survive a Rule 12(b)(6) motion to dismiss, a

plaintiff must allege facts that raise a right to relief above

the speculative level, assuming all allegations in the complaint

are true even if doubtful in fact.  <u>Bell Atl. Corp. v. Twombly</u>,

550 U.S. 544, 555 (2007).  <u>Accord Ashcroft v. Iqbal</u>, 556 U.S.

662, 678 (2009) (Rule 8 "does not require 'detailed factual

allegations,' but it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation.").  "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires

more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do."  <u>Twombly</u>, 550

U.S. at 555 (internal citations omitted).  The complaint must

"state a claim to relief that is plausible on its face." Id. at
570.  "A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." Iqbal, 556 U.S. 678.

III.    **ANALYSIS.**

> **A.  Count 3 Appears To Plead Chung's Participation in**
> **Tortious Behavior.**

Count 3 alleges the common law torts of "assault,
battery, intentional infliction of emotional distress, false
imprisonment, and wrongful detention against Defendants Kyo-ya
Resorts and Hotels, Okura and Chung."[2]  See Fourth Am. Compl. at
4.  Although Bracken does not specifically allege every element
of each tort against Chung, Count 3, read in its totality,
appears to allege that Chung, at the very least, participated in
or supported Okura's alleged commission of all the alleged torts.

Read liberally, Count 3 may be alleging that Chung is
civilly liable for having aided or abetted Okura.  Alternatively,
Bracken may be asserting a civil conspiracy, which the Hawaii
Supreme Court sees as "the combination of two or more persons or
entities by concerted action to accomplish a criminal or unlawful

---

[2] Bracken confirmed at the hearing on the present motion
that his reference to "wrongful detention" relates to his
allegations that his liberty was interfered with, not to any
"wrongful detention" of property, as sometimes referred to in a
conversion claim.  See Sung v. Hamilton, 710 F. Supp. 2d. 1036,
1043-44 (D. Haw. 2010).

purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means." Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co., 91 Haw. 224, 252 n.28, 982 P.2d 853, 991 n.28 (1999)(quoting Duplex Printing Press Co. v. Deering, 254 U.S. 443, 466 (1921)). "Civil conspiracy does not alone constitute a claim for relief." Id. at 260 n. 44, 982 P.2d at 889 n. 44. Rather, "[a] civil conspiracy claim must include either that the alleged conspirators had a *criminal or unlawful purpose* for their concerted action or that the alleged conspirators used *criminal or unlawful means* to accomplish a lawful objective." Miyashiro v. Roehrig, Roehrig, Wilson & Hara, 122 Haw. 461, 482, 228 P.3d 341, 363 (Haw. Ct. App. 2010) (emphasis in original). A defendant is subject to civil conspiracy liability if he:

> (a) does a tortious act in concert with the other or pursuant to a common design with him, or;
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Restatement (Second) of Torts § 876.

Chung's motion does not contemplate the possibility that Count 3 is alleging concerted action between Chung and Okura. Yet, Count 3, when fairly read, does appear to this court

to allege concerted action.  At the hearing on this motion,
Chung's counsel conceded that Count 3 was adequately pled in that
regard.  Whether Bracken can establish concerted action, Count 3
passes muster at this point.

> B.  **Only Some of the § 1983 Allegations Are Sufficient.**

Counts 4, 5, and 8 are premised on alleged
constitutional violations.  In Count 4, Bracken complains that
Chung deprived him "of his liberty and freedom, . . . cause[d]
him injuries . . . [and] impose[d] on him cruel and inhuman
punishment, in violation of rights guaranteed him under the
United States Constitution and other federal laws."  Fourth Am.
Compl. ¶ 39.  In Count 5, "Failure to Intercede, Denial of Civil
Rights," Bracken alleges that Chung violated his constitutional
right to be free from excessive state-imposed force.  Id. at 41-
51.  Finally, in Count 8, Bracken seeks damages for these alleged
violations.  Id. ¶¶ 69-80.  See also Bracken's Opp. at 12 ("Count
8 is indeed a detailed statement of damages.").

All of Bracken's constitutional claims are asserted via
42 U.S.C. § 1983.  Section 1983 does not create any substantive
rights; it provides a cause of action against a person acting
under color of state law who deprives a plaintiff of rights
established by the Constitution or federal law.  To state a claim
under § 1983, a plaintiff must allege: (1) that a right secured
by the Constitution or laws of the United States was violated;

and (2) that the alleged violation was committed by a person acting under color of law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains."  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).

Bracken alleges that "Chung was wearing clothing that identified him as an officer of the Honolulu Police Department and was in possession of equipment issued to him by the Honolulu Police Department."  Fourth Am. Compl. ¶ 38.  This allegation provides the bases for Bracken's assertion that Chung was acting under color of law.  The court therefore turns to the remaining issue of whether the allegations go to Chung's deprivation of a right Bracken had under the Constitution.

The court construes Bracken's claims in Counts 4 and 5 as alleging two distinct violations of his Fourth Amendment rights.  First, Bracken alleges that Chung deprived him of his "liberty and freedom."  <u>Id.</u> ¶ 39.  This appears to be an allegation of unlawful "seizure" in violation of the Fourth Amendment.  Second, Count 5 alleges that Chung breached a duty to stop Okura from using excessive force.  <u>See</u> <u>United States v. Koon</u>, 34 F.3d 1416, 1447 (9th Cir. 1994), <u>rev'd on other grounds</u>,

10

518 U.S. 81 (1996) (explaining that the constitutional right that is violated when an officer fails to intercede is the Fourth Amendment right to be free from excessive state-imposed force).

Bracken appears to also be asserting an Eighth Amendment violation.  Thus, he claims that he was subjected to "cruel and inhuman punishment."  Fourth Am. Compl. ¶ 39.  The court addresses the above § 1983 issues in turn.

### 1.  Bracken's Fourth Amendment Claims Survive.

The Fourth Amendment to the Constitution protects the right "to be secure . . . against unreasonable . . . seizures." U.S. Const. amend. IV.  "It is quite plain that the Fourth Amendment governs 'seizures' of the person," even if they do not result in an arrest "in traditional terminology." Terry v. Ohio, 392 U.S. 1, 16 (1968).  Nonetheless, the protections of the Fourth Amendment only extend to unreasonable seizures. Determining whether "a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989) (some internal quotation marks omitted).  While the "reasonableness" inquiry "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," the inquiry is always an objective one: "the question

is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham,490 U.S. at 397.

Bracken appears to be asserting that a "reasonable" officer on the scene would not have thought that Bracken was trespassing on the night of the incident.  According to Bracken, "there were numerous persons at RumFire who were functioning in a manner that rendered the restaurant indistinguishable from being open as usual to the public."  Fourth Am. Compl. ¶ 15.  Bracken also states that Chung "thwarted" his efforts to leave.  Id. ¶ 26.  According to Bracken, Chung acted "to deprive Plaintiff of his liberty and freedom, to cause him injuries . . . and to impose on him cruel and inhuman punishment."  Id. ¶ 39.  These allegations adequately plead Fourth Amendment violations in the forms of an unreasonable seizure and use of excessive force.  The court therefore denies Chung's motion to dismiss this portion of Count 4.

In Count 5, Bracken also alleges that Chung's failure to intercede to stop Okura's alleged actions violated Bracken's Fourth Amendment right to be free of excessive force.  This court recognizes that "government officials generally are not liable under section 1983 for their failure to protect citizens from dangerous situations which state officials neither created nor

12

exacerbated." <u>Escamilla v. City of Santa Ana</u>, 796 F.2d 266 (9th Cir. 1986).  However, police officers do have "a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." <u>United States v. Koon</u>, 34 F.3d 1416, 1447 (9th Cir. 1994), <u>rev'd on other grounds</u>, 518 U.S. 81 (1996).  <u>Accord</u> <u>Cunningham v. Gates</u>, 229 F.3d 1271, 1289 (9th Cir. 2000).  To the extent Okura and Chung were acting in concert, Chung may have had a duty to stop Okura.  Private parties like Okura are sometimes deemed to be acting under color of state law if engaged in joint activity with state officials. <u>See</u> <u>Price v. State of Hawaii</u>, 939 F.2d 702, 708 (9th Cir. 1991).

Bracken says that Okura and other Kyo-ya officials physically assaulted him.  Fourth Am. Compl. ¶ 31.  Bracken also alleges that Chung "was instrumental in [his] being in jeopardy of an attack by [Kyo-ya security guards], and had the opportunity to intercede and prevent that from happening and to prevent its continuing, but he failed to do so." <u>Id.</u> ¶ 48; <u>see also</u> <u>id.</u> ¶¶ 49-51.  Of course it may turn out that Bracken cannot establish that both Chung and Okura were acting under color of state law such that they could be said to have been "fellow officers," and such that Chung may have had a duty to stop Okura. However, on the present motion, this court cannot say that Count 5 is inadequately pled in that regard.  The court denies Chung's motion to dismiss Count 5.

13

### 2.   Bracken's Eighth Amendment Claim in Count 4 Fails.

To the extent part of Count 4 asserts an Eighth Amendment violation, that portion of Count 4 is dismissed. "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." Ingraham v. Wright, 430 U.S. 651, 671 n. 40 (1977). See also Pierce v. Multnomah Cnty., 76 F.3d 1032, 1042 (9th Cir. 1996) ("[T]he Eighth Amendment's prohibition against the malicious or sadistic use of force does not apply until after conviction and sentence.") (internal quotations and citations omitted). Not having been convicted and sentenced, Bracken may not assert an Eighth Amendment violation. Any such claim is dismissed.

This does not mean that Bracken is precluded from bringing a claim for the alleged use of excessive force. It only means that any such claim is cognizable under the Fourth Amendment. Pierce, 76 F.3d at 1043. As noted above, the Fourth Amendment claims are adequately pled.

### 3.   Count 8 is Dismissed as Duplicating Counts 4 and 5 and Bracken's Prayer.

Count 8 is a request for damages flowing from the violations alleged in Counts 4 and 5. See Am. Compl. ¶¶ 69, 70,

80.[3]  Bracken himself acknowledges that Count 8 is merely a "detailed statement of damages."  Opp'n at 12, ECF No. 85.  He nevertheless protested at the hearing that dismissing Count 8 could prejudice him at a later point in the litigation process. The court sees no such prejudice.  Count 8 is unnecessary in light of Counts 4 and 5, and the prayer for relief at the end of the Fourth Amended Complaint.  The court therefore dismisses Count 8 as superfluous.

### C.   Count 6 is Dismissed as to Chung.

Count 6 alleges that Chung was part of a "potential cover-up resulting in denial of civil rights."  Fourth Am. Compl. at 8.  The first portion of Count 6 asserts that Chung's written report to HPD about the incident was false.  Id. ¶ 53.  The remainder of Count 6 alleges a wrongful partnership between the HPD and Kyo-ya that, according to Bracken, proximately caused the incident at issue.  Id. ¶¶ 54-64.

Nothing in the Fourth Amended Complaint suggests that the allegedly false HPD report damaged Bracken in any way.  The court therefore discerns no actual claim relating to that report.

The rest of Count 6 alleges a wrongful relationship between HPD and Kyo-ya pursuant to which Chung was allowed to work for private entities such as Kyo-ya.  Bracken does not

---

[3] Count 8 contains only these three paragraphs; there are no paragraphs numbered 71 to 79 in the Fourth Amended Complaint.

allege that Chung was responsible for that practice.  Working at Kyo-ya as a special duty officer certainly did not render Chung responsible for Kyo-ya's practice of hiring special duty officers.  There is no suggestion in the record that Chung had any supervisory authority over HPD's special duty program, and presumably numerous officers participated in that program.  To the extent Count 6 alleges actions by Chung himself, those actions repeat the allegations of Count 4 and/or Count 5.  To the extent Count 6 complains about an HPD or Kyo-ya practice or program, Bracken does not plead facts supporting a claim against Chung for creating or allowing that practice or program. Finally, to the extent Count 6 alleges that Kyo-ya and Okura were "emboldened" by that practice to violate Bracken's rights, nothing in Count 6 supports a claim against Chung in that regard that is not already pled in other counts.  Count 6 is dismissed with respect to Chung.

//

//

//

//

//

//

//

//

IV.        CONCLUSION.

        For the foregoing reasons, the court grants Chung's
motion to dismiss Counts 6 and 8. The court denies Chung's motion
to dismiss Counts 3 and 5.  Finally, the court dismisses the
portion of Count 4 based on an alleged Eighth Amendment
violation, leaving for further adjudication the portion of Count
4 based on alleged Fourth Amendment violations.

        IT IS SO ORDERED.

        DATED: Honolulu, November 13, 2012.



                            /s/ Susan Oki Mollway

                            Susan Oki Mollway
                            Chief United States District
                            Judge

Bracken v. Kyo-ya Hotels and Resorts et al., Civ No. 11-00784
SOM/BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
KINCHUNG CHUNG'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED
COMPLAINT.