IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DILLON L. BRACKEN,  )<br>  )<br>      Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br>AARON H. OKURA; KINCHUNG  )<br>CHUNG; JOHN DOES 1-9; and DOE )<br>ENTITIES 1-5,  )<br>  )<br>      Defendants,  )<br>  )<br>and  )<br>  )<br>KYO-YA HOTELS AND RESORTS,  )<br>L.P., a foreign Limited  )<br>Partnership;  )<br>  )<br>      Defendant and  )<br>      Counterclaim  )<br>      Plaintiff.  )<br>_____ ) | CIVIL NO. 11-00784 LEK-BMK |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER
GRANTING DEFENDANTS KYO-YA'S AND OKURA'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS UNDER 42 U.S.C.
§ 1983 AND GRANT DEFENDANT CHUNG'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff Dillon L. Bracken's ("Plaintiff") Motion to Reconsider Order Granting Defendants Kyo-ya's and Okura's Motion for Partial Summary Judgment on Plaintiff's Claims Under 42 U.S.C. § 1983 and Granting Defendant Chung's Motion for Summary Judgment ("Motion"), filed on July 5, 2013. [Dkt. no. 158.] Defendant/Counterclaim Plaintiff Kyo-ya Hotels and Resorts ("Kyo-ya") and Defendant Aaron H. Okura

("Okura")[1] filed their memorandum in opposition on July 19, 2013, and Defendant Kinchung Chung ("Chung") filed his memorandum in opposition on July 22, 2013. [Dkt. nos. 160, 161.] Plaintiff filed his reply on August 8, 2013. [Dkt. no. 163.]

The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background in this case is set forth in this Court's June 24, 2013 Order (1) Granting Defendant and Counterclaim Plaintiff Kyo-ya and Defendant Aaron Okura's Motion for Partial Summary Judgment on Plaintiff's Claim Under 42 U.S.C. § 1983, (2) Granting Defendant Kinchung Chung's Motion for Summary Judgment, and (3) Denying Plaintiff's Motion for Partial Summary Judgment ("6/24/13 Order"). 2013 WL 3223873.

In the 6/24/13 Order, this Court concluded, *inter alia*, that Plaintiff failed to demonstrate the requisite degree of the

---

[1] Kyo-ya and Okura are collectively referred to as, the "Kyo-ya Defendants." Chung and the Kyo-ya Defendants are collectively referred to as, "Defendants."

Kyo-ya Defendants' conspiracy or cooperation with Chung to "transform the private actors into state actors" for purposes of liability under § 1983. Id. at *9. The Court therefore granted the Kyo-ya Defendants' Motion for Partial Summary Judgment on Plaintiff's Claims Under 42 U.S.C. § 1983 (the "Kyo-ya Defendants' Motion"), filed on December 18, 2012 [dkt. no. 103]. Id.

The Court also found that, because Chung, as a police officer, acted reasonably when he detained Plaintiff and asked him for identification, Chung is entitled to qualified immunity. The Court therefore granted Chung's Motion for Summary Judgment ("Chung's Motion"), filed on December 18, 2012 [dkt. no. 104], as to Plaintiff's § 1983 claim for unlawful seizure against Chung. Id. at *13-14.

In the instant Motion, Plaintiff seeks reconsideration of the 6/24/13 Order on the grounds that: the 6/24/13 Order does not address Kyo-ya's status as Chung's employer; Chung was an "integral participant" in the incident; Kyo-ya is subject to liability under § 1983 as an employer of a state actor; and Chung is not entitled to qualified immunity.

## DISCUSSION

In order to obtain reconsideration of the 6/24/13 Order, Plaintiff's Motion "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court

3

should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011) (citations omitted).  This district court recognizes three grounds for granting reconsideration of an order:  "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)).

"Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court."  Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).  "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 889 (9th Cir. 2001) (internal quotation marks omitted).

First, Plaintiff's Motion seeks reconsideration of the 6/24/13 Order on the ground that the Court erred by not directly considering the fact that Chung was an employee of Kyo-ya at the time of the incident. In the 6/24/13 Order, however, the Court acknowledged Plaintiff's Submission of Additional Exhibits in Connection with Summary Judgment Motions ("Additional Exhibits") [dtk. no. 155], demonstrating that Kyo-ya paid Chung for his services as a special duty officer at the time of the incident. 2013 WL 3223873, at *8 n.5. The Court then stated, "the Additional Exhibits do not alter the Court's analysis regarding Chung's status as a state actor, or the degree of cooperation between Chung and the Kyo-ya Defendants." Id. Thus, although the Court considered the fact that Chung was a paid employee of Kyo-ya on the night of the incident, that fact ultimately did not alter the Court's conclusions in the 6/24/13 Order.

Second, Plaintiff's Motion seeks reconsideration of the 6/24/13 Order on the grounds that: (1) neither conspiracy, cooperation, nor knowledge of a plan is necessary for a finding that Chung was an "integral participant" in the incident; and (2) Kyo-ya is subject to § 1983 liability because the conduct of its employees, Okura and Chung, when combined, amounted to state action. Plaintiff, however, raised both of these arguments in connection with the Kyo-ya Defendants' Motion. This district

court has recognized that "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." White, 424 F. Supp. 2d at 1274 (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988)).  Furthermore, to the extent that Plaintiff's Motion presents different variations of Plaintiff's arguments regarding whether the Defendants' conduct amounted to state action, those arguments are not properly before this Court.  Plaintiff could have raised those arguments in connection with the Kyo-ya Defendants' Motion.  See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Hawai`i 2005) ("reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision").

Finally, Plaintiff's Motion seeks reconsideration of the 6/24/13 Order on the ground that Chung is not entitled to qualified immunity because, at the time of the incident, he was not considered a government employee.  Plaintiff argues that Chung, as a "moonlighting officer" who was a paid employee of Kyo-ya at the time of the incident, cannot claim immunity available to government employees.  With regard to this argument, Plaintiff could have raised it in connection with Chung's

Motion.² See id.

To the extent that Plaintiff's Reply presents different variations of Plaintiff's arguments, those arguments are also not properly before this Court, as Plaintiff should have raised the arguments in the Motion itself. See Local Rule LR7.4 ("Any argument raised for the first time in the reply shall be disregarded."). This Court therefore FINDS that Plaintiff has not presented any ground warranting reconsideration of the 6/24/13 Order's rulings granting the Kyo-ya Defendants' Motion and Chung's Motion.

---

² The Court notes, however, that even if Plaintiff had timely raised this argument in connection with Chung's Motion, it would not have altered the Court's analysis and conclusion that Chung is entitled to qualified immunity.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion to Reconsider Order Granting Defendants Kyo-ya's and Okura's Motion for Partial Summary Judgment on Plaintiff's Claims Under 42 U.S.C. § 1983 and Granting Defendant Chung's Motion for Summary Judgment, filed July 5, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 14, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DILLON L. BRACKEN VS. AARON H. OKURA, ET AL; CIVIL NO. 11-00784 LEK-BMK; ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER GRANTING DEFENDANTS KYO-YA'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983 AND GRANT DEFENDANT CHUNG'S MOTION FOR SUMMARY JUDGMENT**