IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DILLON L. BRACKEN,<br><br>    Plaintiff,<br><br>  vs.<br><br>AARON H. OKURA; KINCHUNG CHUNG; JOHN DOES 1-9; and DOE ENTITIES 1-5,<br><br>    Defendants,<br><br>and<br><br>KYO-YA HOTELS AND RESORTS, L.P., a foreign Limited Partnership;<br><br>    Defendant and<br>    Counterclaim Plaintiff,<br><br>  vs.<br><br>DILLON L. BRACKEN,<br><br>    Counterclaim Defendant. | CIV. NO. 11-00784 LEK-BMK<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT KINCHUNG CHUNG'S BILL OF COSTS |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART DEFENDANT KINCHUNG CHUNG'S BILL OF COSTS**

       Before the Court is Defendant Kinchung Chung's Bill of Costs, filed

September 11, 2014. (Doc. 194.) Chung requests $2,691.84 in costs pursuant to

Federal Rules of Civil Procedure ("FRCP") Rule 54(d)(1) and 28 U.S.C. § 1920. (Doc. 194 at 2, 8.) The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After careful consideration of the Bill of Costs, as well as the supporting and opposing papers, the Court finds and recommends that Chung's Bill of Costs be GRANTED IN PART AND DENIED IN PART. As discussed more thoroughly below, this Court recommends that Plaintiff be awarded costs in the amount of $2,523.09.

## **BACKGROUND**

The parties and the Court are familiar with the factual and procedural background of this case; therefore, the Court will only address herein the background that is relevant to the instant Bill of Costs.

This case arises out of what Plaintiff Dillon Bracken ("Bracken") says was an attack on him by security personnel when he tried to enter Rumfire, a Kyo-ya Hotels and Resorts ("Kyo-ya") restaurant in Hawaii, on New Year's Eve in 2009. Bracken is a California resident alleging that Kyo-ya, its employees, and Honolulu Police Department ("HPD") Officer Kinchung Chung ("Chung") (collectively "Defendants"), violated his constitutional rights and committed multiple torts in response to what they allegedly viewed as his trespass.

On July 13, 2012, Bracken filed his Fourth Amended Complaint. (Doc. 60.) Bracken alleged that on December 31, 2009, Defendant Chung was working at Kyo-ya as a special duty police officer, meaning that he was regularly employed by the Honolulu Police Department, but at the time of the incident, Chung "work[ed] with and alongside" Kyo-ya's in-house security guards, (Doc. 60 at 9, ¶ 55), and was "wearing clothing that identified him as an officer of the Honolulu Police Department[.]" (Doc. 60 at 6, ¶ 38.)

Bracken states that he entered the Rumfire restaurant "unaware that it was supposedly closed to the public" for a private event. (Doc. 60 at 4, ¶ 23.) Shortly thereafter, Bracken alleged he was illegally attacked, restrained, and injured by Kyo-ya's employees, including Aaron H. Okura ("Okura"). (See Doc. 60 at 5-6, ¶¶ 31-35.) Bracken alleged that Chung "had the opportunity to intercede," (Doc. 60 at 8, ¶ 47), but did not interfere with the assault on Bracken, did not take any steps to prevent it, and did not confront the perpetrators. (Doc. 60 at 7, ¶ 43.) Bracken further alleged that Chung "exhibited hostility" towards him, and "engaged in making demands" on him, "all the while ignoring the fact that others were illegally attacking [him]." (Doc. 60 at 7, ¶ 42.) The following day, Chung filed a written report with HPD about the incident, which Bracken asserts was "false" in that Chung "pretended not to have seen the assault, even though he was right there and actually

saw exactly what occurred." (Doc. 60 at 9, ¶ 53.)

Bracken asserted eight causes of action against Kyo-ya, Chung, and Okura. (See Doc. 60 at 2, 3-12.) The following five counts pertain to Chung:

> Count 3, "Assault, Battery, Intentional Infliction of Emotional Distress, False Imprisonment and Wrongful Detention," (Doc. 60 at 4-6, ¶¶ 22-35);
>
> Count 4, "Deprivation of Civil Rights In Violation of 42 U.S.C. §§ 1983 et. seq.," (Doc. 60 at 6-7, ¶¶ 36-40);
>
> Count 5 "Failure to Intercede, Denial of Civil Rights," (Doc. 60 at 7-8, ¶¶ 41-51);
>
> Count 6, "Potential Cover-Up Resulting in Denial of Civil Rights," (Doc. 60 at 8-11, ¶¶ 52-64); and
>
> Count 8, "Claims Pursuant to 42 U.S.C. §§ 1983 et seq. Actions Under Color of Law . . . Damages," (Doc. 60 at 11-12, ¶¶ 69-70, 80).

On July 24, 2012, Chung filed a Motion to Dismiss Bracken's Fourth Amended Complaint, "for failure to state a claim upon which relief can be granted." (Doc. 64 at 2.) Bracken filed his Opposition on October 16, 2012, and Chung filed his Reply on October 22, 2012. (Docs. 85, 88.) A hearing on Chung's Motion to Dismiss was held on November 6, 2012. (Doc. 93.)

On November 13, 2012, Chief Judge Susan Oki Mollway granted in part and denied in part Chung's Motion to Dismiss. (Doc. 96). Chief Judge Mollway granted Chung's Motion with regards to Counts 6 and 8, denied the Motion

4

with regard to Counts 3 and 5, and granted in part and denied in part Chung's Motion with regard to Count 4, leaving for further adjudication the portion of Count 4 based on alleged Fourth Amendment violations. (Doc. 96 at 17.) With regard to the surviving claims against Chung, Chief Judge Mollway held that Bracken "adequately pled" state law claims for assault, battery, intentional infliction of emotional distress (Count 3); deprivation of civil rights in violation of 42 U.S.C. § 1983 (Count 4); and failure to intercede, denial of civil rights (Count 5). (Doc. 96 at 7-9, 11-13.)

On December 18, 2012, Chung filed a Motion for Summary Judgment on all of Bracken's remaining claims against him. (Doc. 104.) Generally, Chung argued that he is entitled to summary judgment because Bracken produced no evidence that Chung took any affirmative actions against Bracken, breached any duties he owed Bracken, or otherwise committed any tort against Bracken. (Doc. 104 at 8-9.) Bracken filed a Memorandum in Opposition on May 20, 2013, (Doc. 148), and Chung filed his Reply on May 28, 2013. (Doc. 152)

A hearing on, inter alia, Chung's Motion for Summary Judgment was held on June 10, 2013.[1] On June 24, 2013, District Judge Leslie E. Kobayashi issued an Order, in relevant part, Granting Chung's Motion for Summary Judgment.

---

[1] On March 27, 2013, this case was reassigned from Chief Judge Mollway to District Judge Leslie E. Kobayashi. (See Doc. 127.)

(See Doc. 157.) The Order granted summary judgment in favor of Chung as to all claims in the Amended Complaint. (Doc. 157 at 25, 34, 35, 36, 38.)

On July 5, 2013, Bracken filed a Motion for Reconsideration, seeking reconsideration on the grounds that (1) the June 24, 2013 Order does not address Kyo-ya's status as Chung's employer; (2) Chung was an "integral participant" in the incident; (3) Kyo-ya is subject to liability under § 1983 as an employer of a state actor and for the unified acts of its employees; and (4) Chung is not entitled to qualified immunity. (See Doc. 158.) On August 14, 2013, Judge Kobayashi denied Bracken's Motion for Reconsideration, determining that Bracken "has not presented any ground warranting reconsideration of the 6/24/13 Order's rulings[.]" (Doc. 164 at 7.)

On July 3, 2014, Bracken, Kyo-ya, and Okura filed a Stipulation for Dismissal with Prejudice, dismissing "any and all claims or demands the parties have against each other." (Doc. 192 at 2.) On September 11, 2014, Chung filed his Bill of Costs, seeking $2,691.84 in deposition transcript and in-house copying costs pursuant to FRCP Rule 54(d)(1) and 28 U.S.C. § 1920. (Doc. 194 at 2, 8.) Bracken filed an Objection to Chung's Bill of Costs on September 18, 2014, (Doc. 195), and Chung filed his Reply on November 4, 2014. (Doc. 206.)

## DISCUSSION

FRCP Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). The Local Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered[.]" Local Rule 54.2(a). On June 24, 2013, Judge Kobayashi entered an Order Granting Chung's Motion for Summary Judgment, granting summary judgment as to all claims in the Amended Complaint against Chung. (Doc. 157 at 38.) Accordingly, Chung is the prevailing party.

Courts have discretion to award costs pursuant to FRCP Rule 54(d), see Yasui v. Maui Electric Co., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999), and the burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). Indeed, "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." Id. According to the Ninth Circuit:

> [A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, we will assume it acted based on that presumption.

7

Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003). While courts have discretion to award costs pursuant to FRCP Rule 54(d), courts may only tax costs that are specified in 28 U.S.C. § 1920. See Yasui, 78 F. Supp. 2d at 1126 (citations omitted); see also Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 176 (9th Cir. 1990) (providing that Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in FRCP Rule 54(d)). Section 1920 enumerates the following costs:

>   (1)   Fees of the clerk and marshal;
>   (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>   (3)   Fees and disbursements for printing and witnesses;
>   (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>   (5)   Docket fees under section 1923 of this title;
>   (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Chung's Bill of Costs includes two items: (1) oral deposition transcript costs, and (2) in-house copying costs. (Doc. 194 at 8.) These items amount to a total of $2,691.84. (Id.) All of these costs are taxable under 28 U.S.C. § 1920, provided they were "necessarily obtained for use in the case[.]" See 28 U.S.C. § 1920(2), (4).

Bracken objects to Chung's Bill of Costs, and argues that (1) Chung failed to comply with Local Rule 54.2(c), by failing to attach a memorandum setting forth the grounds and authorities supporting the request and for failing to comply with the rule's meet and confer requirements; (2) the depositions taken were not reasonably necessary to Chung's success in being granted summary judgment; and (3) the copies obtained were not necessarily obtained for use in the case, and inasmuch as they were only for the use and convenience of Chung, these costs are not taxable pursuant to Local Rule 54.2(f)(4). (Doc. 195.)

**I.     Meet and Confer**

Local Rule 54.2(c) requires that, inter alia, an affidavit supporting a Bill of Costs "contain a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs, and the prevailing party shall state the results of such a conference, or that the prevailing party made a good faith effort to arrange such a conference, setting forth the reasons the conference was not held."

Bracken argues that counsel for Chung, Ms. Marguerite S. Nozaki ("Ms. Nozaki"),[2] failed to comply with this requirement because she merely emailed a copy of Chung's Bill of Costs to counsel for Bracken, Mr. Charles S. Lotsof ("Mr. Lotsof"), leaving Mr. Lotsof a phone number to call if there were "any

---

[2] At all times relevant to the discussion of this issue, Chung was represented by Ms. Marguerite S. Nozaki. (See Doc. 206 at 2.) On September 26, 2014, Curtis E. Sherwood entered an appearance as counsel for Chung. (Doc. 196.)

questions or objections to the amount sought to be approved[.]" (Doc. 195 at 2; Doc. 206-2 at 8.) Bracken maintains that neither an email nor a call "come close to meeting the requirement that there actually must have been a meet and confer." (Doc. 195 at 2.)

In a declaration submitted with Chung's Itemized Bill of Costs, Ms. Nozaki declared that

> Counsel have conferred in an effort to resolve any dispute about the claimed costs, and Plaintiff's counsel shall include in his opposition to Defendant Chung's Itemized Bill of Costs his specific objections as to the reasonableness of the costs incurred and any other objection for this Court's consideration.

(Nozaki Declaration, Doc. 194-2 at 3, ¶ 10.) Chung argues that his Bill of Costs complies with the intent of Local Rule 54.2(c)'s meet and confer requirement because Ms. Nozaki contacted Mr. Lotsof, provided Mr. Lotsof with a copy of the costs that Chung intended to seek, and then inquired as to any possible objections that Mr. Lotsof might have. (Doc. 206 at 2.) After that initial email communication, Chung maintains that Ms. Nozaki spoke with Mr. Lotsof by phone, at which time Mr. Lotsof voiced his objections to the costs Chung was seeking. (Doc. 206 at 2-3.) In response, Ms. Nozaki provided Mr. Lotsof with a line-by-line itemization of all of the costs Chung sought to recoup, and expressed her willingness to further discuss his objections. (Doc. 206 at 3; Doc. 206-2.) According to Ms.

Nozaki, Mr. Lotsof did not voice any further objections.   (Doc. 206 at 3.)

The Court finds that Chung's advance notice to Bracken's counsel of the Bill of Costs before it was filed, the email communication between Ms. Nozaki and Mr. Lotsof, and the phone conversation between Ms. Nozaki and Mr. Lotsof satisfies Local Rule 52.4(c)'s meet and confer requirement.

## II.     Supporting Documents

Bracken generally objects to Chung's Bill of Costs for its failure to comply with Local Rule 54.2(c)'s requirement that a Bill of Costs "be accompanied by a memorandum setting forth the grounds and authorities supporting the request." (Doc. 195 at 1.)

Local Rule 54.2(c) requires, in relevant part, that a Bill of Costs must (1) "state separately and specifically each item of taxable costs claimed"; (2) "be supported by a memorandum setting forth the grounds and authorities supporting the request"; and (3) contain "an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law."   Local Rule 54.2(c) further provides that "[p]arties may use the Bill of Costs Form AO 133[.]"

Chung's "Itemized Bill of Costs" states separately and specifically each item of taxable costs claimed – that is, oral deposition transcript costs and in-house copying costs – and provides supporting documents for each cost item.

(Doc. 194 at 2-8, Exhibits A-F.) The Bill of Costs further articulates that the costs requested are allowable pursuant to 28 U.S.C. § 1920 and FRCP Rule 54(d)(1), which, in relevant part, specifically allow for an award of costs for "[f]ees for printed or electronically recorded transcripts," and "the costs of making copies[.]" See 28 U.S.C. § 1920(2), (4). Finally, Chung attached the Bill of Costs Form AO 133, which is signed by Ms. Nozaki and declares that the costs requested "are correct and were necessarily incurred[.]" (Doc. 194-1 at 1.) Thus, this Court finds that Chung has satisfied the requirements of Local Rule 54.2.

## III. Depositions

Chung seeks $2,523.09 for the deposition transcript costs of Dillon Bracken, Aaron Okura, Kinchung Chung, Violet Mangene, Victor Parina, Robert Nathan Chang, and Gregory McKeague, (Doc. 194 at 2), all of whom Chung says "were necessary" to adequately prepare for trial. (Doc. 206 at 4.) Bracken argues that these depositions were not "reasonably necessary" because they did not contribute to Chung's success in being granted summary judgment. (Doc. 195 at 3.) Chung argues that Bracken misconstrues Local Rule 54.2(f)(2). (Doc. 206 at 4.) This Court agrees.

Section 1920(2) provides for the taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28

U.S.C. § 1920(2). Local Rule 54.2(f)(2) further provides, in relevant part, that "[t]he cost of a stenographic and/or video original and one copy of any deposition transcript **necessarily obtained for use in the case** is allowable." (Emphasis added.) Local Rule 54.2(f)(2) clarifies that "[a] deposition need not be introduced in evidence or used at trial, so long as, **at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation**, rather than mere discovery." (Emphasis added.)

Chung maintains that the deposition testimony was necessary to adequately prepare for trial. (Doc. 206 at 4.) Five of the six witnesses for which deposition transcripts were obtained were named by Bracken as witnesses that he intended to call at trial. (See Bracken's Pretrial Statement, Doc. 206-3.) The remaining witness, Robert N. Chang ("Chang"), was a witness to Bracken's behavior and to the statements Bracken made shortly after the altercation that took place on December 31, 2009, at the Rumfire restaurant. (Doc. 206 at 4.) Chung maintains that Chang's testimony "was relevant as impeachment to [Bracken's] testimony and also on the issue of damages." (Doc. 206 at 4.) All of the depositions were taken prior to the Court's hearing, and subsequent June 24, 2013 Order, on Chung's Motion for Summary Judgment. (See Docs. 194-3, 194-4, 194-5, 194-6, 194-7, 194-8.)

This Court finds that all of the depositions were relevant to Bracken's claims and the evidence Bracken intended to present at trial. Further, the Court finds that at the time the depositions were taken, it could reasonably be expected that the deposition would be used for trial preparation. Thus, this Court is satisfied that all of the deposition transcripts for which Chung seeks reimbursement of costs were "necessarily obtained for use in the case[.]" See 28 U.S.C. § 1920(2); LR Rule 54.2(f)(2). The fact that Chung was granted summary judgment prior to trial is inapposite to the issue of whether the deposition transcripts were necessarily obtained for use in the case. Therefore, this Court recommends that Chung's request for reimbursement in the amount of $2,523.09 for costs incurred in acquiring the deposition transcripts be GRANTED.

**IV.    Copy Costs**

Finally, Chung requests reimbursement for copying costs totaling $168.75. (Doc. 194 at 8.) Section 1920(4) explicitly provides for the taxation of copying costs. 28 U.S.C. § 1920(4). Local Rule 54.2(f)(4) sets forth specific requirements that must be met when requesting costs for copying expenses incurred:

> The cost of copies necessarily obtained for use in the case is taxable provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied.

Local Rule 54.2(f)(4) further provides that "[t]he cost of copies obtained for the use

and/or convenience of the party seeking recovery and its counsel is not taxable."

In support of his request for copying costs, Chung submitted an invoice listing the documents copied, the number of pages, and the cost per page.[3] (Doc. 194 at 2-8.) Chung maintains that the copying charges submitted "were for copies 'necessarily obtained for use in the case' and were made as part of Defendant Chung's files to assist him in the drafting and opposing of motions and other aspects of defending the case[,]" and were not "simply for Defendant Chung's convenience." (Doc. 206 at 5.) The Court finds to the contrary.

Local Rule 54.2(f)(4) is clear: "[t]he cost of copies obtained for the use . . . of the party seeking recovery and its counsel is not taxable." According to this rule, Chung is not permitted to seek recovery of the cost of copies made for his use or the use of his counsel. Thus, inasmuch as Chung maintains that these copies were used to assist him and/or his counsel in defending the case, this Court finds that Chung's copying costs are not taxable and recommends that Chung's request for copying costs be DENIED.

## **CONCLUSION**

For the foregoing reasons, the Court finds and recommends that Chung's Bill of Costs (Doc. 194) be GRANTED IN PART AND DENIED IN

---

[3] The invoice listing documents for which copying costs are sought appears to be a list of all the ECF filings, save but a handful of documents.

PART. Specifically, the Court recommends that Chung's request for reimbursement of deposition transcript costs be GRANTED, and his request for in-house copying costs be DENIED, for a total cost award of $2,523.09.

Any Objection to this Findings and Recommendation shall be filed in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, November 26, 2014



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Bracken v. Kyo-Ya Hotels & Resorts, et al., Civ. No. 11-00784 LEK-BMK, FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT KINCHUNG CHUNG'S BILL OF COSTS.